UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONIA SCOTT,

                          Petitioner,

            v.

COMMONWEALTH OF PENNSYLVANIA,

                          Respondent.

23-CV-10902 (DEH)

TRANSFER ORDER

DALE E. HO, United States District Judge:

Petitioner, currently incarcerated at S.C.I. Muncy in Muncy, Pennsylvania, paid the $5.00 fee to bring this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging the constitutionality of her 2023 conviction in the Common Court of Pleas of Pike County, in Milford, Pennsylvania. Because Petitioner was convicted and sentenced in Pike County, which is located in the Middle District of Pennsylvania, this action is transferred under 28 U.S.C. § 2241(d) and Local Civil Rule 83.3 to the United States District Court for the Middle District of Pennsylvania. *See, e.g.*, *Marcy v. Warden, SCI Graterford*, No. 17-CV-0049 (JPH), 2017 WL 780887, at *2 (E.D. Pa. Jan. 25, 2017) (transferring a Section 2254 petition challenging the petitioner's underlying conviction to the district of conviction).[1]

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. This order closes this case.

---

[1] Petitioner has previously filed multiple actions in this court that were transferred to the Middle District of Pennsylvania. *See Scott v. Lowe*, No. 1:22-CV-7697, 3 (S.D.N.Y. Sept. 9, 2022) (transferring Petitioner's pre-conviction petition under 28 U.S.C. § 2241 to the Middle District of Pennsylvania); *Scott v. Pike Cnty. Corr. Facility*, No. 20-CV-3645, 2 (S.D.N.Y. May 13, 2020) (transferring Section 2254 petition to the Middle District of Pennsylvania); *Scott v. Pine Ridge Cmty. Assoc.*, No. 1:17-CV-1682, 4 (S.D.N.Y. April 6, 2017) (transferring diversity action to the Middle District of Pennsylvania); *Scott v. Saw Creek Estate Cmty. Assoc.*, No. 1:17-CV-1685, 4 (S.D.N.Y. Mar. 8, 2017) (same). Petitioner is also barred under 28 U.S.C. § 1651 from filing any new civil action in this court without first obtaining from the court leave to file. *See Scott v. New York State Dep't of Motor Vehicles*, No. 1:17-CV-3517, 6 (S.D.N.Y. June 20, 2017).

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 2, 2024

New York, New York

_____

DALE E. HO
United States District Judge

2